UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE DUNN,

        Petitioner,               Case Number: 16-12742
                                            Honorable David M. Lawson

v.

RANDALL HAAS,

        Respondent.
_____/

## **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Lawrence Dunn pleaded guilty to burglary and larceny charges in state court and was sentenced to concurrent prison terms under a youthful offender statute that would have resulted in an expunged record, had he successfully completed his sentence. The sentencing paperwork erroneously indicated that Dunn had been placed on probation, so the jail released him. Dunn promptly left the jurisdiction, bound for Nevada, when he was apprehended in Missouri. When he came back before the court, the sentencing judge concluded that Dunn was trying to flee, taking advantage of the clerical mistake, and sentenced him to a longer prison term after revoking his youthful offender status. After unsuccessfully seeking relief in the state appellate courts, Dunn filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. His argument — that the sentencing judge abused her discretion — does not raise a claim that he is presently "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Therefore, the Court will deny his position.

I.

Dunn was charged in two criminal informations filed in the Oakland County, Michigan circuit court with first-degree home invasion, second-degree home invasion, and larceny of a

firearm. On February 13, 2015, he pleaded guilty to all three charges under a plea agreement with the state. One of the provisions of that agreement was that Dunn would be sentenced under the Holmes Youthful Trainee Act, Mich. Comp. Laws § 762.11, which allows certain youthful offenders to plead guilty and subject themselves to a probationary or prison sentence, but have their cases dismissed if they successfully complete the program. *See* Mich. Comp. Laws § 726.14. But the sentencing court retains the authority "at its discretion [to] revoke that status any time before the individual's final release." Mich. Comp. Laws § 726.12.

On March 3, 2015, the trial court sentenced Dunn on each of the three counts to concurrent terms of three years imprisonment under the Youthful Trainee Act. After sentencing, when Dunn reported to jail, he was told that the paperwork received by the jail indicated that he had been sentenced to a term of probation. The jail mistakenly released him. Dunn had left the jurisdiction when the amended paperwork was filed the next day. He was apprehended in Missouri, en route to Las Vegas.

On resentencing, the trial court determined that Dunn intentionally left the State of Michigan with the intent to flee the jurisdiction. She revoked Dunn's designation under the Youthful Trainee Act and imposed concurrent sentences totaling 5 years, 8 months to 20 years. Dunn filed an application for leave to appeal in the Michigan Court of Appeals, arguing that the trial court abused its discretion when it revoked the petitioner's Youthful Trainee status and imposed a substantially greater sentence. The Michigan Court of Appeals denied leave to appeal, as did the state supreme court. *People v. Dunn*, No. 328513 (Mich. Ct. App. March 8, 2016), *lv. denied* 499 Mich. 870 (2016).

Dunn then filed the pending petition for a writ of habeas corpus, raising the same claim he advanced on direct review in state court.

II.

An individual "in custody pursuant to the judgment of a State court" may petition a federal court for relief in the form of a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But certain provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). A federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

"Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotation marks and citations omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, (2011). The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable."

*Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (quotation marks omitted)). The AEDPA imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

In his single claim for relief, Dunn argues that the state trial court abused its discretion when it revoked his Youthful Trainee status and increased his sentence after Dunn left the state upon his release from jail. That argument, however, will not afford him relief under section 2254.

First, Dunn raised his claim in the state court of appeals, which denied leave to appeal "for lack of merit in the grounds presented." *People v. Dunn,* No. 328513 (Mich. Ct. App. Aug. 27, 2015). This summary denial of Dunn's claim, despite its brevity, is entitled to deference under section 2254(d). Where a state court denies a claim on the merits, but without explanation, "a habeas court must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with [Supreme Court precedent]." *Harrington*, 562 U.S. at 102. Therefore, the relevant question is whether any reasonable argument consistent with established Supreme Court law could support the state court decision summarily rejecting Dunn's claim.

Dunn was 19 years old at the time of his plea and sentencing. His initial sentence, adhering to the plea agreement, allowed him the chance to avoid a record of three felony convictions if he successfully completed the Youthful Trainee program. There is no dispute that Dunn reported to the Oakland County Jail on the day he was sentenced. And the parties agree that jail officials mistakenly released Dunn from custody after being told that he had been sentenced to probation.

The parties disagree about what Dunn should have done about that and what impact his actions should have had on his sentence.

At the resentencing hearing, Dunn and his attorney argued that Dunn was not fleeing Michigan. Rather, they maintained he was headed to Nevada because his uncle promised that he had a job waiting for him. Defense counsel asked the trial court to impose the same sentence previously imposed. But the trial judge declined to do so, because she found that Dunn intentionally left the State of Michigan with the intent to flee the jurisdiction. She revoked Dunn's designation as a Youthful Trainee and imposed a longer prison sentence.

Michigan judges have considerable latitude when imposing criminal sentences. Where a sentence is within the statutory limits, trial courts are accorded "wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)). Even if a federal claim could be found in Dunn's petition, it cannot be said that the state court's decisions were contrary to or an unreasonable application of federal law.

Second, Dunn's challenge to the resentencing raises only a state law claim, which is not covered by section 2254. He cites no Supreme Court caselaw finding a constitutional right to participation in a youthful offender program, and the Court is aware of no such precedent. The "actual computation of [a defendant's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 Fed. App'x 958, 959 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)). Unless the trial judge relied on erroneous information, or imposed a sentence that exceeded statutory limits, the propriety of the chosen sentence is beyond the scope of federal review under section 2254. *United States v. Tucker,* 404 U.S. 443, 447 (1972) (holding that to obtain relief, a habeas petitioner must show that his sentence

was "founded at least in part upon misinformation of constitutional magnitude"). The petitioner's sentence is within the statutory limits for his crimes and there is no reason for this Court to question or curb the state's discretion in fashioning a sentence. A sentence imposed within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Third, although Dunn has not explicitly advanced the argument, his sentence does not violate the Eighth Amendment. The Supreme Court has held that "the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991), quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983). Courts reviewing Eighth Amendment proportionality claims must afford deference to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003) (citing *Harmelin*, 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). Dunn's sentence was not grossly disproportionate or excessive.

### III.

The petitioner has not presented a basis to issue a writ of habeas corpus under 28 U.S.C. § 2254(d). The state courts' decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Date: June 26, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on June 26, 2019.

                        s/Susan K. Pinkowski
                        SUSAN K. PINKOWSKI